IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN JACKSON,

    Petitioner,        No. 2:11-cv-01773 WBS KJN P

    vs.

GARY SWARTHOUT,

    Respondent.      FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

    Petitioner, a state prisoner proceeding in forma pauperis and without counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, based on challenges to an October 8, 2009 decision of the California Board of Parole Hearings ("Board"), denying petitioner parole. Petitioner contends that the Board's decision violated his rights under the Fourteenth Amendment and Ex Post Facto Clause. This action is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and Local Rule 302(c).

    Pending before the court is respondent's motion to dismiss the petition (Dkt. No. 10), pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"), on the ground that the petition fails to state a cognizable claim for relief. Rule 4 authorizes the summary dismissal of a habeas petition "[i]f it plainly appears from the petition

1

and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Id., Rule 4; see O'Bremski v.Maass, 915 F.2d 418, 420 (9th Cir. 1990) ("[R]ule 4 . . . 'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated'"), quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir.1983).

Petitioner filed an opposition to respondent's motion to dismiss (Dkt. No. 11); respondent did not file a reply. For the reasons that follow, this court recommends that respondent's motion to dismiss be granted.

II. Background

Petitioner is incarcerated at California State Prison-Solano ("CSP-SOL"), serving a sentence of seven years to life, that commenced in 1986. Petitioner's tenth subsequent parole hearing was convened on October 8, 2009, pursuant to which the Board denied petitioner parole, and deferred for three years his subsequent parole hearing. (Dkt. No. 1 at 43-125.) The Los Angeles County Superior Court denied his petition for a writ of habeas corpus in a decision filed on May 24, 2010 (Case No. BH006854). (Dkt. No. 1 at 3.)[1] The California Supreme Court summarily denied review on February 2, 2011 (Case No. S184425). (Id. at 4, 152.)

Petitioner claims that the Board's decision denying him parole violated his Fourteenth Amendment rights to due process,[2] and that the deferral of his next parole hearing for a period three years violates his rights under the Ex Post Facto Clause.

////

---

[1] Neither party has provided a copy of the superior court decision. In light of the court's analysis herein, it is not necessary to review the superior court's reasoning in denying petitioner's claims.

[2] Petitioner also summarily contends that the Board's decision violated his rights to equal protection. (See Dkt. No. 1 at 5.) However, because petitioner does not contend that he was treated differently from other similarly situated prisoners (here, prisoners subject to indeterminate sentences), he fails to state a cognizable equal protection claim. See e.g. McGinnis v. Royster, 410 U.S. 263, 269-70 (1973) (a petitioner raising an equal protection claim in the parole context must demonstrate both that he was treated differently from other similarly situated prisoners and that the Board lacked a rational basis for its disparate treatment).

III.  Due Process

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause, and then show that the procedures utilized to effect the deprivation were not constitutionally sufficient.  Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from the Due Process Clause of the United States Constitution either "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest."  Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made.).

California's parole statutes give rise to a liberty interest in parole for which "the Due Process Clause requires fair procedures for its vindication."  Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011).  In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal. 4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal. 4th 616, 651-53 (2002).  However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some

evidence' rule into a substantive federal requirement." Swarthout, 131 S. Ct. at 862-63. In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding. Id. Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. at 862-63. These considerations constitute "the beginning and the end of the federal habeas court's inquiry into whether [a petitioner] received due process" before a parole board. Id. at 862.

Petitioner contends that the Board did "not explain what evidence was used to determine that Petitioner is a present threat to society to deny parole. There is no hint in the board decision [identifying] what present evidence was used to determine that Petitioner is a current risk or danger to society." (Petition, Dkt. No. 1 at 7-8.)[3] Petitioner asserts that the Board instead improperly relied on the immutable characteristics of petitioner's crime and his past criminal history to deny him parole.[4] (Id. at 8.)

Petitioner's arguments fail to demonstrate a federal due process violation. As previously noted, this court's review of petitioner's federal due process claim is limited to the very narrow question whether petitioner received adequate process at the parole hearing. "Because the only federal right at issue is procedural, the relevant inquiry is what process [petitioner] received, not whether the state court [and Board] decided the case correctly." Swarthout, 131 S. Ct. at 863. Therefore, this court is without authority, pursuant to a federal due process claim, to consider whether California's "some evidence" standard was correctly applied.

---

[3] Citations to the docket reflect the court's electronic pagination, not the internal pagination of the cited documents.

[4] Petitioner also contends that the "some evidence" standard articulated in In re Lawrence, 44 Cal. 4th 1181, and In re Rosenkrantz, 29 Cal. 4th 616, should not apply in evaluating the sufficiency of the Board's decision, but rather a "preponderance of the evidence" standard. Not only does petitioner fail to cite pertinent controlling authority, but the question does not present a federal due process claim, for the reasons discussed herein.

4

Id. at 861.

Here, the record reflects that petitioner was present, with counsel, at the October 8, 2009 parole hearing; petitioner was afforded access to his record in advance; petitioner participated in the hearing; and petitioner was provided with the reasons for the Board's decision denying parole, including the Board's conclusion that "the prisoner is not suitable for parole because the inmate currently poses an unreasonable risk of danger if released from prison." **(**October 8, 2009 Board Transcript; see Dkt. No. 1 at 118, see also id. at 46, 48, 118-24.) According to the United States Supreme Court, the federal due process clause requires no more.

Therefore, this court finds that petitioner is not entitled to relief on his federal due process claim. Rule 4, Federal Rules Governing § 2254 Cases.

IV. Ex Post Facto

Petitioner next contends that the Board's application of "Marsy's Law" (adopted by the voters pursuant to Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law"), to defer for three years his next parole hearing, violated the Ex Post Facto Clause of the United States Constitution.

Prior to the enactment of Marsy's Law, indeterminately-sentenced inmates, like petitioner, could be denied parole hearings for no more than one year unless the Board found, with stated reasons, that it was unreasonable to expect that parole could be granted the following year; in such instances, the next parole hearing could be deferred for a period up to five years. Cal. Penal Code § 3041.5(b)(2) (2008). Now, Marsy's Law authorizes deferral of a subsequent parole hearing for a period up to fifteen years. Cal. Pen. Code, § 3041.5(b)(3) (2009). The shortest interval that the Board may set is three years, based on a finding that the prisoner "does not require a more lengthy period of incarceration . . . than seven additional years." Id., § 3041.5(b)(3)(C). Under the terms of the amended statute, petitioner's next parole hearing was deferred for a period of three years. **(**October 8, 2009 Board Transcript; see Dkt. No. 1 at 124.)

////

Under the standards of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief may not be granted with respect to any claim adjudicated on the merits by the state court unless that state decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Even when a state court provides no reasons for its denial of the federal claim, a habeas petitioner may not obtain relief unless he shows "there was no reasonable basis for the state court to deny relief." Harrington v. Richter, 131 S. Ct. 770, 784 (2011). These standards are highly deferential to the state court's decision and "difficult to meet." Id. at 786.

The federal Constitution provides that, "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10. A law violates the Ex Post Facto Clause of the Constitution if it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 52 (1990). The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." Himes v. Thompson, 336 F.3d 848, 854 (9th Cir. 2003) (citations and internal quotations omitted); see also California Dept. of Corrections v. Morales, 514 U.S. 499, 504 (1995). The Ex Post Facto Clause is also violated if: (1) state regulations have been applied retroactively to a defendant; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the defendant's crimes. Himes, 336 F.3d at 854. However, not every law that disadvantages a defendant is a prohibited ex post facto law. The retroactive application of a change in state parole procedures constitutes a prohibited ex post facto law only if there exists a "significant risk" that such application will increase the punishment for the crime. See Garner v. Jones, 529 U.S. 244, 255 (2000).

////

1          Previous amendments to California Penal Code § 3041.5, allowing for longer
2  periods of time between parole suitability hearings, have been upheld against challenges that they
3  violated the Ex Post Facto Clause.  See Morales, 514 U.S. at 509 (1981 amendment to § 3041.5,
4  which increased maximum deferral period of parole suitability hearings to five years, did not
5  violate the Ex Post Facto Clause because it simply altered the method of setting a parole release
6  date and did not create a meaningful "risk of increasing the measure of punishment attached to
7  the covered crimes"); Watson v. Estelle, 886 F.2d 1093, 1097-98 (9th Cir. 1989) (not a violation
8  of the Ex Post Facto Clause to apply § 3041.5(b)(2)(A) to prisoners sentenced to life
9  imprisonment prior to implementation of California's Determinate Sentence Law in 1977);
10 Clifton v. Attorney General Of the State of California, 997 F.2d 660, 662 n.1 (9th Cir. 1993)
11 (same); see also Garner, 529 U.S. at 249 (upholding Georgia's change in the frequency of parole
12 hearings for prisoners serving life sentences, from three to eight years, in an action brought
13 pursuant to 42 U.S.C. § 1983).

14         After reviewing the facts applicable to petitioner's ex post facto claim, clearly
15 established federal law as determined by the Supreme Court, and California statutes and
16 regulations related to the frequency of subsequent parole hearings, the court finds that the state
17 court decisions rejecting petitioner's ex post facto claim are not contrary to, nor do they involve
18 an unreasonable application of, clearly established federal law as determined by the Supreme
19 Court.  28 U.S.C. § 2254(d).  The state court decisions are not out of line with the decisions
20 reached by the Supreme Court in both Morales and Garner, especially in light of the fact that, as
21 in Morales and Garner, the Board can expedite a suitability hearing if it believes an inmate
22 should be paroled.  See Cal. Penal Code § 3041.5(b)(4) ("The board may in its discretion . . .
23 advance a hearing . . . when a change in circumstances or new information establishes a
24 reasonable likelihood that consideration of the public and victim's safety does not require the
25 additional period of incarceration . . . ."); see also id., § 3041.5(d) (1) ("An inmate may request
26 that the board exercise its discretion to advance a hearing. . . .").

Therefore, the court finds that petitioner is not entitled to relief on his ex post facto claim, Rule 4, Federal Rules Governing § 2254 Cases, which should be dismissed without prejudice.[5]

V. Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Dkt. No. 10), should be granted;

2. Petitioner's due process challenge to the October 8, 2009 decision of the Board of Parole Hearings, should be dismissed; and

3. Petitioner's ex post facto challenge to the Board's three-year deferral of a subsequent parole hearing, should be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

---

[5] Petitioner is informed that there is a civil rights class action, filed pursuant to 42 U.S.C. § 1983, that is currently pending in this court, in which it is alleged that "Marsy's Law" violates the Ex Post Facto Clause of the Constitution.  The action is Gilman v. Fisher, Case No. 2:05-cv-0830 LKK GGH P, and the classes of persons identified as plaintiffs therein are:  (1) "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008;" (2) "all California state prisoners who have been sentenced to a life term with possibility of parole and have reached eligibility for a parole consideration hearing;" and (3) "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008."  See id., Order filed April 25, 2011 (Dkt. No. 340 at 2).  Petitioner may be a member of one or more of these classes.  In general, a member of a class action may not pursue an individual action for equitable relief that is also sought by the class.  See e.g. Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979).

Should petitioner file objections, he may address whether a certificate of appealability should issue in the event petitioner files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  A certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: June 26, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jack1773.hc.mtd